IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER ELEVEN |
| POCONOS LAND, LLC,<br>    DEBTOR | : | BANKRUPTCY NO.: 5-05-bk-50538 |
| KELLY B. STAPLETON,<br>UNITED STATES TRUSTEE,<br>    MOVANT | : | {**Nature of Proceeding**: Motion of U.S.<br>Trustee to Dismiss (Doc. #6)} |
| vs. | : | |
| POCONOS LAND, LLC,<br>    RESPONDENT | : | |

*****************************************************************************

| | | |
|---|---|---|
| IN RE: | : | CHAPTER ELEVEN |
| MOUNT LAUREL CEMETERY<br>ASSOCIATION and<br>HARRY SAMUEL DOMBECK,<br>    DEBTORS | : | BANKRUPTCY NO.: 5-05-bk-50372 |
| KELLY B. STAPLETON,<br>UNITED STATES TRUSTEE,<br>    MOVANT | : | {**Nature of Proceeding**: Motion of U.S.<br>Trustee to Dismiss (Doc. #5)} |
| vs. | : | |
| MOUNT LAUREL CEMETERY<br>ASSOCIATION and<br>HARRY SAMUEL DOMBECK,<br>    RESPONDENTS | : | |

# **OPINION**

The United States Trustee ("UST") has moved to dismiss the above-referenced Chapter 11 cases based on her belief that an artificial entity, such as a corporation or limited liability corporation, cannot file a bankruptcy case without the aid of legal counsel. For the reasons

articulated below, the UST's motions are granted.

## STATEMENT OF FACTS

### 1. MOUNT LAUREL CEMETERY ASSOCIATION & HARRY SAMUEL DOMBEK

A voluntary Chapter 11 Petition (Official Form 1) was filed on January 28, 2005 in the name of Mount Laurel Cemetery Association. Harry Samuel Dombek is listed as the joint debtor. In the "Information Regarding the Debtor (Check the Applicable Boxes)" section on the first page, "Chapter 11" is selected in the "Chapter or Section of the Bankruptcy Code Under Which the Petition is Filed" box. There is also a notation in the "Type of Debtor" box that the Debtor is a corporation. On the second page, the signature of "Rabbi Harry S. Dombeck" is included in the "Signature of Debtor (Corporation/Partnership)" box in the "Signatures" section as the "Authorized Individual." In the "Signature of Attorney" box, "N/A" is typed. Exhibit C (Form B1, Exh. C) and an "Exhibit C-1" were included with the Petition. Also included with the filing were a number of completed bankruptcy schedules.

A hearing on the UST's motion was held on February 24, 2005. The Court heard oral argument from Rabbi Dombeck and the UST's counsel. Rabbi Dombeck also indicated that he is not an attorney and is not engaged in the practice of law. The matter was thereafter taken under advisement.

### 2. POCONO LAND, LLC

A voluntary Chapter 11 Petition (Official Form 1) was filed on behalf of Poconos Land, LLC on February 8, 2005. In the "Information Regarding the Debtor (Check the Applicable Boxes)" section on the first page, "Chapter 11" is selected in the "Chapter or Section of the Bankruptcy Code Under Which the Petition is Filed" box. The "Chapter 11 Small Business" box

contains a marking indicating that Poconos Land, LLC is a "small business as defined in 11 U.S.C. § 101." On the petition's second page, a signature, telephone number and date is included in the "Signature(s) of Debtor(s) (Individual/Joint)" box in the form's "Signature" section.

A hearing on the UST's motion was held on March 10, 2005. No one appeared on behalf of Poconos Land, LLC and the Court heard oral argument from the UST's counsel. The matter was thereafter taken under advisement.

## JURISDICTION

This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A). This Court has jurisdiction under 28 U.S.C. §§ 157, 1334 and Middle District of Pennsylvania Standing Order Misc. 84-0203 to render this decision.

## CONCLUSIONS OF LAW

Upon a review of the evidence and those arguments that may have been proffered by the parties, the pertinent issue which this Court must decide, is whether an individual, who is not a licensed attorney, may commence a bankruptcy case on behalf of an artificial business entity.

The heart of the UST's arguments focus on a passage in the Supreme Court's decision in Rowland v. California Men's Colony wherein the Court noted:

> It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel. [(citations omitted)]. As the courts have recognized, the rationale for that rule applies equally to all artificial entities. Thus, save in a few aberrant cases, [(footnote omitted)] the lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney. [(citations omitted)].

506 U.S. 194, 201-202, 113 S.Ct. 716 (1993).

The UST also directs this Court's attention to a series of opinions for additional support: Pritchard v. Lubman (In re Tamojira, Inc.), 20 Fed. App. 133 (4th Cir. 2001), Licht v. America West Airlines (In re America West Airlines), 40 F.3d 1058 (9th Cir. 1994), Simbraw, Inc. v. United States, 367 F.2d 373 (3d Cir. 1966), Move Org. v. United States Dep't of Justice, 555 F.Supp. 684 (E.D. Pa. 1983); In re Beech St. Holding Corp., 344 F.Supp. 548 (E.D. Pa. 1972), and In re Buck, 219 B.R. 996 (Bankr. W.D. Tenn. 1998).[1] However, these cases only focus on the question of whether a non-attorney can *appear in court* for an artificial business entity and not the issue currently in play.

In order to resolve this query, this Court must examine the inter-relationship of certain statutory provisions and procedural rules, along with their resulting impact on a bankruptcy case. In particular, § 1654 of Title 28 of the United States Codes provides:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

28 U.S.C. § 1654.

However, once a matter is adjudicated within the confines of a bankruptcy proceeding, a party's actions are further controlled by Rule 9010 of the Federal Rules of Bankruptcy Procedures. The rule states, in relevant part, that:

> **(a) AUTHORITY TO ACT PERSONALLY OR BY ATTORNEY.** A debtor, creditor, equity security holder, indenture trustee, committee or other party may (1) appear in a case under the Code and act either in the entity's own behalf or by an attorney authorized to practice in the court, and (2) perform any act not constituting the practice of law, by an authorized agent, attorney in fact, or proxy.

Fed. R. Bankr. P. 9010(a).

---

[1] During the March 9, 2005 hearing, the UST's attorney stated that he was offering a bankruptcy case from the Western District of Tennessee, located at "219 B.R. 966", for further support. Based on this Court's research, this Court is confident that counsel meant to cite Buck, which is located at 219 B.R. 996 and is in line with the UST's position, and not a page from of In re Xacur, 219 B.R. 956 (Bankr. S.D. Tex. 1998).

[m:\users\cathy\wp8docs\opinions\PoconoLand-MtLaurelCem.wpd]    4

The 1983 Advisory Committee Note to the rule indicates that the rule "is substantially the same as former Bankruptcy Rule 910 and does not purport to change prior holdings prohibiting a corporation from appearing *pro se*." See Fed. R. Bankr. P. 9010 advisory committee's note; see generally 10 Collier on Bankruptcy, ¶ 9010.07 (15th ed. rev.).

It is clear from a contemporaneous reading of Rule 9010(a)(1), § 1654 of Title 28, and Rowland, that an artificial business entity may only *appear* in a bankruptcy case through the aid of an attorney authorized to practice in the court. However, the question that is left unanswered is whether the commencement of a bankruptcy case by a non-attorney, on behalf of an artificial business entity, is permissible under Rule 9010(a)(2) and § 1654 of Title 28 as the "perform[ance of] any act *not constituting the practice of law*." The answer to this question must initially rest upon a determination that an artificial business entity, such as the ones currently before this Court, is not prohibited from voluntarily filing a bankruptcy petition.

Section 301 of the Bankruptcy Code ("Code") permits the voluntary filing of a bankruptcy petition under any chapter provided under Title 11 of the United States Code "by an entity that may be a debtor under such chapter." See 11 U.S.C. § 301. With the exception of certain individuals, nothing in the Code prohibits an artificial business entity from commencing a case under Title 11 by filing a voluntary Chapter 11 petition. See 11 U.S.C. §§ 109(b) & (d). As such, Rule 9010(a)(2) allows an artificial business entity to "commence a bankruptcy case by filing a petition without representation by legal counsel *unless* it has been determined that such an act (filing a petition) constitutes the unauthorized practice of law." See In re Elshiddi Enter.,

Inc., 126 B.R. 785, 788 (Bankr. E.D. Mo. 1991).[2]

In Pennsylvania, the unauthorized practice of law is regulated by statute and states, in relevant part:

> **(a) General Rule.**– Except as provided in subsection (b), any person, including, but not limited to, a paralegal or legal assistant, who within this Commonwealth shall practice law, or who shall hold himself out to the public as being entitled to practice law, or use or advertise the title of lawyer, attorney at law, attorney and counselor at law, counselor, or the equivalent in any language, in such a manner as to convey the impression that he is a practitioner of the law of any jurisdiction, without being an attorney at law or a corporation complying with 15 Pa.C.S. Ch. 29 (relating to professional corporation), commits a misdemeanor of the third degree upon a first violation. A second or subsequent violation of this subsection constitutes a misdemeanor of the first degree.

42 Pa. Cons. Stat. Ann. § 2524(a).

The statute specifically prohibits a non-attorney from engaging in two specific acts—practicing law and holding oneself out to the public as an individual licensed to practice law. With regard to the second act, the Court has not been presented with any facts that indicate that either "filer" held him, herself or itself out to the public as a licensed attorney. The courts must therefore consider whether a non-attorney's act of filing a bankruptcy petition on behalf of an artificial business entity constitutes the practicing of law in Pennsylvania.

Although the phrase "practice law" is not statutorily defined, Pennsylvania's Supreme Court outlined a number of principles in Dauphin County Bar Ass'n v. Mazzacaro that courts should consider when confronting this issue. See 351 A.2d 229 (Pa. 1976). The Court noted:

---

[2] This conclusion is based on the premise that the act of *filing* a petition is not the equivalent of making an *appearance* in federal court. Compare Rowland, 506 U.S. at 201-202; Fed. R. Bankr. Pro. 9010(a)(2). This Court relies on Black's Law Dictionary for further support. Black's Law Dictionary defines the verb "file," in part, as "1. To deliver a legal document to the court clerk or record custodian for placement into the official record . . . 2. To commence a lawsuit." Black's Law Dictionary, 8th ed. (2004). The noun form of the word "appear," "appearance," is defined in Black's Law Dictionary as "[a] coming into court as a party or interested person, or as a lawyer on behalf of a party or interested person; esp., a defendant's act of taking part in a lawsuit, whether by formally participating in it or by an answer, demurrer, or motion, or by taking post judgment steps in the lawsuit in either the trial court or an appellate court."

> Marking out the abstract boundaries of legal practice would be an elusive, complex task 'more likely to invite criticism than to achieve clarity.' <u>Shortz v. Farrell</u>, supra, 327 Pa. at 84, 193 A. at 21. The threads of legal consequences often weave their way through even casual contemporary interactions. There are times, of course, when it is clearly within the ken of lay persons to appreciate the legal problems and consequences involved in a given situation and the factors which should influence necessary decisions. No public interest would be advanced by requiring these lay judgments to be made exclusively by lawyers. Where, however, a judgment requires the abstract understanding of legal principles and a refined skill for their concrete application, the exercise of legal judgment is called for. <u>Shortz v. Farrell</u>, 327 Pa. 81, 85, 193 A. 20, 21 (1937). While at times the line between lay and legal judgments may be a fine one, it is nevertheless discernible. Each given case must turn on a careful analysis of the particular judgment involved and the expertise that must be brought to bear on its exercise.

<u>Id.</u> at 233.

Upon consideration of <u>Dauphin County Bar Ass'n</u>, this Court concludes that the filing of the petitions at issue by non-attorneys on behalf of an artificial business entity constitutes the practice of law in the Commonwealth of Pennsylvania. This conclusion turns upon the filer's selection of which bankruptcy chapter the petition was to be filed under. In comparison to the rest of the form, the act of selecting the chapter of a debtor's petition cannot be viewed as an act devoid of an "understanding of legal principles and a refined skill for their concrete application, the exercise of legal judgment." <u>See id.</u> at 233. A determination as to the appropriate chapter for a debtor' case involves the application of certain legal principles to a debtor's particular needs. This application requires an understanding of the legal nuances associated with each chapter and the resulting effect each particular chapter could have on a debtor's rights and legal interests. Accord, <u>In re Dunkle</u>, 272 B.R. 450, 455-56 (Bankr. W.D. Pa. 2002)(Court determined that bankruptcy petition preparer selection of the bankruptcy chapter the debtors would elect involved a "familiarity with legal principles beyond the ken of the ordinary layman."). "The acquisition of such knowledge is not within the ability of lay persons, but rather involves the

application of abstract legal principles to the concrete facts of the given claim. As a consequence, it is inescapable that [the filer] . . . must exercise legal judgments in so doing."[3] Dauphin County Bar Ass'n, 351 A.2d at 234. In fact, the majority view supports the proposition that the preparation of bankruptcy petitions constitutes the practice of law. 1 Collier on Bankruptcy ¶ 8.02[4][d][ii] (15th ed. rev.).

A determination of whether an artificial business entity may commence a bankruptcy case by filing a petition without representation by a licensed attorney must focus on the document's actual content. With regard to the bankruptcy petitions at issue, this Court finds that these were not permitted under the current statutory scheme and should be dismissed as null and void. The U.S. Trustee's motions are hereby granted.

An Order will follow.

Date: September 23, 2005

John J. Thomas, Bankruptcy Judge
(CMS)

*This electronic opinion is signed and filed on the same date.*

---

[3] This Court's analysis and conclusion equally applies to the notation made on Poconos Land's petition that it is a "small business as defined in 11 U.S.C. § 101."